UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |  |
|---|---|---|
| BARBARA FISHER, | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 3:04 CV 0418 |
| vs. | ) | |
| PERMA-FIX OF DAYTON, INC. | ) | Chief Magistrate Judge Michael R. Merz |
| Defendant. | ) | |

UNITED STATES' MOTION FOR LEAVE TO INTERVENE

Pursuant to Section 304 (c)(2) of the Clean Air Act, as amended ("CAA" or the "Act"), 42 U.S.C. § 7604(c)(2), and Rule 24(a) of the Federal Rules of Civil Procedure, the United States of America, on behalf of the Administrator of the United States Environmental Protection Agency ("U.S. EPA"), hereby moves the Court for leave to intervene as a plaintiff in this citizen's suit, which was initiated against Perma-Fix of Dayton, Inc. ("Perma-Fix") under Section 304(a) of the Act, 42 U.S.C. § 7604(a), for alleged violations of the Clean Air Act and regulations promulgated thereunder. Section 304(c)(2) of the Act, 42 U.S.C. § 7604(c)(2), confers upon the United States an unconditional right to intervene in such an action "as a matter of right at any time in the proceeding."

The United States seeks injunctive relief and civil penalties against Perma-Fix for alleged violations which parallel certain claims asserted in the citizen's suit, including claims for violation of the National Emission Standard for Hazardous Air Pollutants applicable

to Off-Site Waste and Recovery Operations (the "OSWRO NESHAP"), 40 C.F.R. Subparts A and DD, provisions of 40 C.F.R. Part 70 governing Title V operating permits, and federally enforceable State Implementation Plan ("SIP") provisions at Ohio Admin. Code Chapter 3745-31 governing permits to install new or modified sources of air pollutants.

A Memorandum in Support of this Motion, together with a copy of the United States' proposed Complaint in Intervention, as required by Fed. R. Civ.P. 24(c), are submitted herewith. The citizen suit plaintiff supports this Motion.

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division

Dated: May 19, 2006 /S/ Miriam L. Chesslin
 MIRIAM L. CHESSLIN
 Trial Attorney
 Environmental Enforcement Section
 Environment and Natural Resources Division
 Post Office Box 7611
 Washington, D.C. 20044-7611
 (202) 514-1491

 GREGORY G. LOCKHART
 United States Attorney for the Southern
 District of Ohio

Dated: May 19, 2006 . /S/ Patrick Quinn
 PATRICK QUINN
 Assistant United States Attorney
 Room 602, Federal Building
 200 West 2d Street
 Dayton, Ohio 45402
 (937) 225-2910

UNITED STATES' MEMORANDUM IN SUPPORT OF ITS
MOTION FOR LEAVE TO INTERVENE

Pursuant to Section 304 (c)(2) of the Clean Air Act, as amended ("CAA" or the

"Act"), 42 U.S.C. § 7604(c)(2), and Rule 24(a) of the Federal Rules of Civil Procedure, the

United States of America, on behalf of the Administrator of the United States Environmental

Protection Agency ("U.S. EPA"), submits this Memorandum in Support of its Motion for Leave

to Intervene as a plaintiff in this citizen's suit against Perma-Fix of Dayton, Inc. ("Perma-Fix"),

which was initiated  under Section 304(a) of the CAA, 42 U.S.C. § 7604(a), for alleged

violations of the Clean Air Act and regulations promulgated thereunder.  Section 304(c)(2) of

the Act, 42 U.S.C. § 7604(c)(2), confers upon the United States an unconditional right to

intervene in this action "at any time in the proceeding."

The United States' proposed Complaint in Intervention, which is attached hereto

in accordance with F.R. Civ. P. 24(c), seeks  injunctive relief and civil penalties for alleged

violations which parallel most of the counts in the citizen's suit, including claims for violation

of the National Emission Standard for Hazardous Air Pollutants applicable to Off-Site Waste

and Recovery Operations (the "OSWRO  NESHAP"), which is codified at 40 C.F.R. Part 63,

Subparts A and DD, provisions of 40 C.F.R. Part 70 governing Title V operating permits for

specified air emission sources, and  federally enforceable State Implementation Plan ("SIP")

provisions at Ohio Admin. Code Chapter 3745-31 governing permits to install new or modified

sources of air pollutants.[1]

---

[1]  Although the United States' Complaint in Intervention and the citizen plaintiff's Complaint
cover many of the same violations, the United States' Complaint includes an additional claim
against Perma-Fix for failure to comply with an information request issued by U.S. EPA
pursuant to Section 114 of the CAA, 42 U.S.C. § 7414.  The citizen's Complaint includes an

As demonstrated below and in the proposed Complaint in Intervention, Congress

has conferred upon U.S. EPA a significant role in administration and enforcement of the CAA.

The United States seeks to intervene in this action to ensure that U.S. EPA's resources and

experience are brought to bear in developing the case and in fashioning appropriate relief

consistent with the agency's regulatory authority.  The citizen suit plaintiff supports this

motion.

I.  THE UNITED STATES HAS AN UNCONDITIONAL RIGHT TO INTERVENE UNDER
    THE CLEAN AIR ACT CITIZEN SUIT PROVISIONS AT 42 U.S.C. § 7604(c)(2)

Section 304(a) of the Clean Air Act ("CAA" or the "Act"), 42 U.S.C. § 7604(a),

authorizes citizens to commence suits in federal district courts  against "any person" alleged to

have violated or to be in violation of, <u>inter alia</u>, a CAA emission standard or limitation.  Before

a citizen's action is begun, under Section 304(b)(1)(A) of the Act, 42 U.S.C. § 7604(b)(1)(A),

a prospective citizen plaintiff must give 60 days notice of the violation to the EPA Admini-

strator, the State in which the source is located and the alleged violator prior to filing an action

to enforce a CAA emission standard or limitation.   Under Section 304(b)(1)(B), 42 U.S.C.

§ 7604(b)(1)(B), no such action may be brought  when the United States or the State is

diligently prosecuting a civil action in federal or State court seeking compliance with the

requirements the citizen seeks to enforce **;** citizens, however, may participate as intervenors in

actions  brought by the United States or the State.

In cases like this, where the citizen's suit has been properly commenced,

Congress carefully preserved the authority of the United States to enforce the CAA.  Section

---

additional claim that Perma-Fix has operated a public nuisance at its facility, in violation of a
SIP provision and other State law.

304(c)(2) of the Act, 42 U.S.C. § 7604(c)(2), provides that:

> the Administrator, if not a party, may intervene as a matter of right at any time in the [citizen's] proceeding. A judgment in a [citizen's] action under this section in which the United States is not a party shall not, however, have any binding effect upon the United States. (Underscoring added).

EPA's unconditional right to intervene in a citizen's suit seeking enforcement of federal standards is further reinforced in Section 304(c)(3), 42 U.S.C. § 7604(c)(3). That provision specifies that courts may not enter consent judgments in CAA citizen actions until a copy of the proposed consent judgment is provided to the Attorney General and the EPA Administrator and the United States has had 45 days either to "submit its comments on the proposed consent judgment to the court and parties or ... [in the alternative to] intervene [in the citizen's suit] as a matter of right."

To sum up, the Clean Air Act grants the United States an unconditional right to intervene at any time in an earlier-filed citizen's suit to enforce Clean Air Act standards. Absent such participation in the citizen's action, however, the United States is not bound by any judgment in the citizen's suit.

In this case, after providing the required 60 day notice to the Attorney General and the EPA Administrator, citizen Barbara Fisher's Complaint was filed on December 2, 2004, alleging failure by Perma-Fix to obtain a Title V permit and to comply with the OSWRO NESHAP regulations and the relevant SIP provisions, which are enforceable "standards" under Section 304(f) of the Act, 42 U.S.C. § 7604(f). At the time there was no federal court action pending in which the government sought compliance with these requirements.[2]

---

[2] Before the citizen's action was filed, on September 21, 2004 U.S. EPA issued an Administrative Order to Perma-Fix seeking compliance with the Title V and OSWRO

The allegations in the proposed United States' Complaint in Intervention generally parallel the Title V, OSWER and SIP claims in the citizen's suit and are based on the same technical facts and regulatory provisions. As a matter of judicial economy, the claims should be litigated in one proceeding -- or settled on a three party basis – with intervention in the pending action as an appropriate mechanism to ensure that the United States will participate in fashioning appropriate relief and will be bound by the outcome at the end of the litigation. See, e.g , Friends of the Earth v. Carey, 535 F.2d 165, 179 n. 25 (2d Cir. 1976).[3] Intervention also recognizes that U.S. EPA has been involved with the substantive issues in this case from at least July 2002 when a local air pollution control agency asked U.S. EPA to determine whether Perma-Fix was a "major source" of hazardous air pollutants for purposes of the applicability of Title V permitting and OSWRO NESHAP requirements. With intervention, EPA's technical resources and specialized knowledge of the facility will be brought to bear on the issues now before the Court in the citizen's action.

II. THE PROCEDURAL REQUIREMENTS IN RULE 24(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE HAVE BEEN SATISFIED

Fed. R. Civ.P. 24(a) sets forth the requirements for intervention as a matter of right as follows:

Upon timely application anyone shall be permitted to intervene in an action

---

requirements within a six month time period. However, to date the United States has not commenced any civil judicial action against Perma-Fix to enforce compliance with these provisions.

[3] In this case arising under an earlier version of the CAA citizen suit provision, the court noted that to prevent conflicts in enforcement policy between the agency and citizen groups, EPA could "participate in the creation and coordination of the judicial response by intervening as a matter of right" in a pending citizens' suit.

> (1) when a statute of the United States confers an unconditional right to intervene ....

Procedurally, Rule 24(c) requires the applicant for intervention to serve a motion to intervene upon the parties which states the grounds for the motion and is accompanied by a pleading setting forth the claims or defenses for which intervention is sought. By submitting its proposed Complaint with this Motion, the United States has met its procedural obligations under this Rule.

As noted above, the United States is authorized by statute to intervene <u>at any time</u> in the citizen's proceeding. Intervention by the United States would not broaden the issues in the case or significantly delay or prejudice any party to the current proceeding.[4] Assuming intervention is granted and the parties proceed -- whether in litigation and/or in settlement discussions -- the United States will promptly review the discovery already conducted and, after consultation with citizen's and defendant's counsel, will submit a specific proposal to the Court for a revision of the discovery schedule in the current case management order if this is necessary.

## CONCLUSION

For the foregoing reasons, the United States' Motion for Leave to Intervene in this case on behalf of the U.S. Environmental Protection Agency should be granted. A proposed Order is submitted with this Memorandum.

Respectfully submitted,

SUE ELLEN WOOLDRIDGE

---

[4] The pre-filing Administrative Order issued by U.S. EPA and the settlement negotiations that followed informed defendant of all the issues in the United States' proposed Complaint.

Assistant Attorney General
Environment and Natural Resources Division

Date: May 19, 2006

/S/ Miriam L. Chesslin
MIRIAM L. CHESSLIN
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7611
Washington, D.C.  20044-7611
(202) 514-1491


GREGORY G. LOCKHART
United States Attorney for the Southern
District of Ohio

/S/ Patrick Quinn
PATRICK QUINN
Assistant United States Attorney
Room 602, Federal Building
200 West 2d Street
Dayton, Ohio 45402
(937) 225-2910

Date: May 19, 2006

CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2006 , I electronically filed the foregoing United States' Motion for Leave to Intervene in Barbara Fisher v. Perma-Fix of Dayton, Inc., #3:04-cv–00418, together with a Memorandum in Support of the Motion and the United States' proposed Complaint in Intervention, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Bill S. Forcade, Esq.
Thomas J. McCarthy, Esq
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611
Telephone (312) 222-9350
FAX number (312) 840-7768
bforcade@jenner.com
tmccarthy@jenner.com

Thomas A. Knoth, Esq. (#0034240)
Stephen J. Axtell, Esq. (#0040869)
Thompson, Hine LLP
2000 Courthouse Plaza N.E.
P.O. Box 8801
Dayton, OH 45401-8801
Telephone (937) 443-6777
FAX number (937) 443-6830
tom.knoth@thompsonhine.com
steve.axtell@thompsonhine.com

D. David Altman, Esq.
D. David Altman Co. LPA
15 East 8th Street, Suite 200W
Cincinnati, OH 45202
Telephone (513) 721-2299
FAX number (513) 721-2299
daltman@one.net

Amy Marie Hartford, Esq.
D. David Altman Co. LPA
15 East 8th Street, Suite 200W
Cincinnati, OH 45202
Telephone (513) 721-2180
FAX number (513) 721-2299
ahartford@environlaw.com

Ellis Jacobs, Esq.
Advocates for Basic Legal Equality, Inc.
131 East Davis Street
Yellow Springs, OH 45387
Telephone 937) 228-8088
FAX number (937) 449-8131
ejacobs@ablelaw.org


I also certify that as a courtesy, on May 19, 2006, I sent hard copies of the foregoing documents via U.S. Postal Service to the above counsel.


/S/ Miriam L. Chesslin
Miriam L. Chesslin
Trial Attorney
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611